# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| BERYL DANIEL, JR., *And All Others Similarly Situated* ) ) ) *Plaintiff,* ) ) ) v. ) ) AG BELLS, LLC and SAVANNAH QUESADA, ) ) *Defendants.* ) ) | CASE NO. 2:22-cv-93-WOB-CJS **JURY DEMANDED** |

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Comes Plaintiff Beryl Daniel, Jr., by and through counsel, and, for his Class Action and Collective Action Complaint against Defendants AG Bells, LLC and Savannah Quesada, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims of Plaintiff and those similarly situated pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

2. This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the Kentucky Wages and Hours Act ("KWHA") it is related to Plaintiff's claims under the FLSA that they form part of the same case or controversy and arise from the same set of operative facts as Plaintiff's claims under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant AG Bells, LLC operates Taco Bell stores within the District of the Court, employed Plaintiff at those stores, and employed similarly-situated employees in Kentucky.

## PARTIES

4. Plaintiff is a resident of Bracken County, Kentucky. Plaintiff's consent pursuant to 29 U.S.C. 216(b) to bring this action is attached hereto as Exhibit 1.

5. Defendant AG Bells, LLC (hereafter, "Franchisee") is a Nebraska for-profit limited liability company which has a principal place of business at 7101 Alexandria Pike, Alexandria, KY 41001, and may be served by service of process on its registered agent, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

6. Upon information and belief, Franchisee operates thirteen Taco Bell restaurants in the northern Kentucky area.[1]

7. Defendant Savannah Quesada (hereafter "Quesada") is a felon currently on probation for felony burglary, and was and is employed by Franchisee as the store manager for the Alexandria, Kentucky Taco Bell.

8. Defendant Quesada may be served by service of process at 7101 Alexandria Pike, Alexandria, KY 41001.

9. At all times relevant to this Complaint, Franchisee has had at least two employees who have, as part of their job duties, handled goods and/or materials that have been transported in interstate commerce.

---

[1] Specifically, Defendant operates Taco Bell locations located at the following addresses: (1) 5060 Delhi Pike, Cincinnati, OH 45238; (2) 11020 Hamilton Avenue, Cincinnati, OH 45231; 30 Carothers Road, Newport, KY 41071; 420 Wester 4th Street, Covington, KY 41011; 9449 Colerain Avenue, Cincinnati, OH 45251; 5500 Colerain Avenue, Cincinnati, OH 45239; 3098 South Dixie Highway, Erlanger, KY 41018; 398 Market Square Drive, Maysville, KY 41018; 14 Martha Layne, Cold Springs, KY 41076; 9067 Fields-Ertel Road, Cincinnati, OH 45249; 9270 Plainfield Road, Cincinnati, OH 45236; 1003 Gest Street, Cincinnati, OH 45203; 650 Nilles Road, Fairfield, OH 45014; 8157 Beechmont Avenue, Cincinnati, OH 45255; 6579 Glenway Avenue, Cincinnati, OH 45211; 3400 Madison Pike, Ft. Wright, KY 41017; 3790 Waterford Parkway, Amelia, OH 45102; 2019 Centennial Boulevard, Independence, KY 41051; 11992-A Chase Plaza Drive, Cincinnati, OH 45240; 1003 Gest Street, Cincinnati, OH 45203; 107 Glover Drive, Mt. Orab, OH 45154; 6724 Dixie Highway, Florence, KY 41042; 7619 Mall Road, Florence, KY 41042; 1020 Green Boulevard, Aurora, IN 47001; 8526 US Highway 42, Florence, KY 41042; 3075 North Bend Road, Herbron, KY 41048; 410 Mt. Zion Road, Florence, KY 45255; 575 Eads Parkway, East, Greendale, IN 47025; 580 Walnut Street, Suite 5800, Cincinnati, OH 45202; 609 Emily Drive, Crescent Springs, KY 41017; 9188 Reading Road, Cincinnati, OH 45215; 5404 N. Bend Road, Cincinnati, OH 45247; 10423 Harrison Avenue, Harrison, OH 41018.

10. Franchisee's annual sales have, at all relevant times to this Complaint, exceeded $500,000.00.

11. Franchisee is an enterprise engaged in commerce or in the production of goods for commerce, as defined in 29 U.S.C. § 203.

12. Therefore, the Fair Labor Standards Act applies to all employees of Franchisee under the Fair Labor Standards Act's enterprise coverage provisions.

## FACTUAL ALLEGATIONS

13. Plaintiff worked for Franchisee as an hourly employee of Franchisee, including working at the Alexandria Taco Bell store.

14. Specifically, Plaintiff worked in Franchisee's restaurants in Kentucky in the year 2022.

15. Franchisee classified Plaintiff as non-exempt under the FLSA.

16. Plaintiff's work was not exempt under any exemption to the FLSA.

17. Franchisee maintained a timekeeping system under which hourly employees would "clock in" and "clock out" by entering a passcode into Franchisee's cash register system at Franchisee's Taco Bell restaurants.

18. This timekeeping system maintained the time when employees "clocked in" and "clocked out" to the exact minute and Franchisee was aware both that the employees were representing that they were working for Franchisee between the "clock in" and "clock out" times and that employees were in fact working for Franchisee between those times.

19. Franchisee's timekeeping system, however, allowed managers to alter the times that were created by the employees when the employees "clocked in" and "clocked out"; specifically, Franchisee's timekeeping system allowed management to change the number of hours

for which employees would be paid to a number of hours less than the number of hours shown by the actual "clock in" and "clock out" entries made by the employee.

20. Upon information and belief, Franchisee's timekeeping system maintained records reflecting both the original entries and the "edited" or falsified entries made by management.

21. Quesada was the store manager of Franchisee's Alexandria, Kentucky Taco Bell restaurant.

22. In that capacity, Quesada had the capability to alter the hours for which employees would be paid for employees working at Franchisee's Alexandria, Kentucky restaurant.

23. Quesada, as store manager, controlled the hours for which Plaintiff would be paid and, on behalf of Franchisee, falsified Plaintiff's time and caused Franchisee to fail to pay Plaintiff all compensation owed for his work performed (including overtime compensation).

24. Quesada was, upon information and belief, promised to be paid and/or paid bonuses by Franchisee that would be increased if the Alexandria, Kentucky Taco Bell restaurant made the same amount of revenue but had lower labor costs.

25. Therefore, Franchisee provided Quesada with an incentive to falsify the amount of time to be paid to employees and pay employees for less hours than the total number of hours Franchisee and Quesada knew that the employees had actually worked.

26. Franchisee also did not require Quesada to provide any explanation or receive any approval, either from the employee in question or any other management, in order to decrease the hours for which employees of the Alexandria, Kentucky Taco Bell restaurant would be paid.

27. Upon information and belief, Franchisee, at all of its other restaurants in Kentucky utilizes a similar structure of employing a manager who is incentivized by, authorized by and

provided the capability by Franchisee of causing Franchisee's employees to be paid for less hours than they actually worked.

28. Upon information and belief, Defendant's upper management at Franchisee's upper management instructed Quesada and other store managers to falsify the times to be paid to employees to pay employees for less time than they actually worked.

29. Quesada told Plaintiff that her supervisor(s) told her to cut Plaintiff's hours.

30. Quesada, on behalf of Franchisee, reduced the number of hours for which Plaintiff would be paid, with the result that Plaintiff was not paid for certain of the hours he worked.

31. Plaintiff worked more than forty hours in one or more work weeks during which he was employed by Franchisee, but had some or all of his overtime hours worked in those workweeks cut by the time falsification practices described above, resulting in him not being paid in such workweeks the overtime compensation he was owed.

32. Upon information and belief, Franchisee has similarly failed and refused to pay the correct amount of compensation (including overtime compensation) for work performed by numerous other similarly-situated employees of Franchisee who performed work (including overtime work) as hourly employees in Kentucky at Franchisee's restaurants, but were not paid for that work after Franchisee falsified the employees' hours.

33. Plaintiff therefore files this action as a collective action under the Fair Labor Standards Act and as a class action under the Kentucky Wages and Hours Act on behalf of himself and all other employees of Defendant who worked in Kentucky and had their hours worked cut by Defendant's time-falsification practice. Plaintiff seeks on behalf of himself and all others similarly situated the unpaid wages Defendant should have paid but did not pay, liquidated damages in an additional amount equal to the amount of unpaid wages, and attorney's fees.

34. Plaintiff complained to Defendants that he had not been paid overtime compensation owed to him for overtime work he had performed (Plaintiff complained that he had worked 41.57 hours in a week but was only paid for 33.95 hours).

35. Quesada responded to Plaintiff that "Yall wuz told that u have until 2:30 to complete closing tasks"

36. Attached hereto as Exhibit 2 is a screenshot showing part of Plaintiff's complaint and Quesada's response.

37. Quesada confirmed orally to Plaintiff that she had reduced the number of hours for which Plaintiff would be compensated because she thought Plaintiff should not have had to have worked after 2:30 a.m.; Quesada did not assert that Plaintiff did not in fact work after 2:30 a.m., only that Plaintiff working after 2:30 a.m. somehow related to or served as the justification for Quesada reducing the number of hours for which Plaintiff would be compensated.

38. After Plaintiff complained about not being paid all compensation owed for his work, including overtime, Defendants constructively terminated Plaintiff's employment by reducing Plaintiff from a full-time schedule to a schedule of being scheduled to work one four hour shift per week. Defendants did this in retaliation for Plaintiff complaining about not being paid for his overtime work. Defendant Quesada performed this termination on behalf of Defendant AG Bells, LLC. Plaintiff seeks his lost wages as a result of his illegal termination, the emotional distress Plaintiff incurred associated with being illegally terminated in retaliation for making a protected complaint of nonpayment of overtime compensation, liquidated damages and attorney's fees.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

39. Plaintiff brings Count I of this action under the FLSA on behalf of himself and all similarly-situated current and former employees of Franchisee who worked as non-exempt employees for Franchisee and were not fully-paid for their overtime work which Franchisee should have paid within the last three years.

40. Stated another way, Plaintiff seeks to bring this action as a collective action under the FLSA against Franchisee on behalf of all hourly employees of Franchisee who worked for Defendant more than forty hours in one or more workweeks in the last three years and were not paid all overtime compensation owed by Franchisee.

41. The employment policies, practices and agreements of Franchisee raise questions of fact common to the proposed collective group including:

   a. whether Defendant has engaged in a pattern or practice of permitting or requiring Plaintiff and members of the proposed collective group to work in excess of forty hours per workweek for the benefit of Defendant and without appropriate compensation, in violation of the FLSA;

   b. whether Defendant has engaged in a pattern or practice of failing to keep accurate records showing all hours worked by Plaintiff and members of the proposed collective group, or of keeping such records but then falsifying them or not paying employees in accordance with them, in violation of the FLSA;

   c. whether the conduct of Defendant was willful;

   d. whether Plaintiff and members of the proposed collective group are entitled to lost wages, liquidated damages and the other relief requested.

42. The claims of Plaintiff are similar to those of the members of the proposed collective group, in that Plaintiff has been subject to the same conduct as members of the proposed collective group and Plaintiff's claims are based on the same legal theory as members of the collective group.

43. The Collective members are victims of Franchisee's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

44. Franchisee's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated to the members of the Collective.

45. The similarly-situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant uses.

46. Upon information and belief, the amounts of time improperly deducted from each similarly-situated employee will also be readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant uses.

47. Plaintiff's FLSA claims are maintainable as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## **CLASS ACTION ALLEGATIONS RELATING TO FRANCHISEE'S VIOLATION OF STATE LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23**

48. Plaintiff brings this action under the Kentucky Wages and Hours Act on behalf of himself and all similarly-situated current and former employees of Franchisee who worked for

Franchisee and were not fully-paid for their work, including their overtime work for which for Defendant which Defendant should have paid within the last five years

49. Plaintiff brings Counts II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, individually, and on behalf of himself and the following class: all similarly-situated current and former employees of Franchisee who worked as non-exempt employees for Franchisee and were not fully-paid for their overtime work which Franchisee should have paid within the last five years.

50. Plaintiff is a member of the class he seeks to represent.

51. Defendant failed to pay Plaintiff and the members of the class he seeks to represent wages for work performed, as described herein, in violation of the KWHA.

52. Under the KWHA, employers are required to pay overtime compensation to non-exempt employees for overtime work performed by such employees.

53. As Plaintiff and the similarly-situated employees were non-exempt, Defendant's refusal to pay Plaintiff and Class Members overtime compensation for overtime hours worked violated the KWHA.

54. Upon information and belief, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

55. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 Class share common questions, including: (1) whether Defendant paid them overtime compensation for all overtime worked; and (2) whether Defendant failed to pay them the full amount of overtime compensation earned.

56. Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3) typicality. Defendant's failure to pay Plaintiff overtime compensation was not the result of any circumstances specific to the Plaintiff. Rather, it arose from Defendant's common pay policies of not paying overtime pay, which Defendant applied generally to their employees, despite the fact that Plaintiff and the similarly-situated employees were non-exempt and entitled to overtime pay.

57. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

58. Plaintiff has retained competent counsel experienced in representing classes of employees in lawsuits against their employers alleging failure to pay statutorily required overtime compensation, thus satisfying Fed. R. Civ. P. 23(a)(4).

59. By failing to pay Plaintiff and Class Members for all hours worked, and failing to pay employees the full amount of overtime compensation earned, Defendant has created the circumstance under which questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff should be permitted to pursue the claims alleged herein as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## COUNT I

### VIOLATION OF FLSA
### NONPAYMENT OF OVERTIME COMPENSATION

60. Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

61. Franchisee is subject to the wage requirements of the FLSA because Franchisee is an "employer" under 29 U.S.C. § 203(d).

62. During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

63. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. See 29 U.S.C. § 207(a)(1).

64. Franchisee is not exempt from the requirements of the FLSA with respect to the employment of Plaintiff and the FLSA Collective.

65. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

66. Franchisee knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

67. Franchisee willfully violated the FLSA by engaging in a pattern or practice (or patterns or practices) of:

   a. failing to keep accurate records showing all the time it permitted and/or required Plaintiff and members of the proposed collective to work, from the first compensable act to the last compensable act;

   b. permitting and/or requiring Plaintiff and FLSA Collective to perform integral and indispensable activities (*i.e.*, work) in excess of forty hours in a work week, for the benefit of Defendant and without compensation at the applicable federal overtime rates;

    c. failing to pay employees for compensable time worked prior to "clocking in"; and

    d. improperly deducting pay from employees for time worked between "clocking in" and "clocking out" based on an assertion that such deductions were acceptable to account for "travel time" underground.

68. Pursuant to 29 U.S.C. § 216(b), employers, such as Franchisee, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT II

### VIOLATION OF KY. REV. STAT. ANN. §§ 337.275, *ET SEQ*. BY NONPAYMENT OF WAGES.

69. All previous paragraphs are incorporated as though fully set forth herein.

70. Plaintiff bring this claim on behalf of all members of the proposed Rule 23 Class.

71. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* KY. REV. STAT. ANN. §§ 337.275, *et seq*.

72. KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek. *See also* 803 Ky. Admin. Regs. 1:060.

73. During all times material to this complaint, Defendant was a covered employer required to comply with KY. REV. STAT. ANN. § 337.010(1)(d).

74. During all times material to this complaint Plaintiff and the Rule 23 Class were covered employees entitled to the protections of the KWHA. *See* KY. REV. STAT. ANN. § 337.010(1)(e).

75. Franchisee is not exempt from providing Plaintiff and Class Members the KWHA's overtime benefits because the employees do not fall within any of the exemptions set forth therein. *See* KY. REV. STAT. ANN. § 337.285(2).

76. Franchisee has violated the KWHA with respect to Plaintiff and the Rule 23 Class by, *inter alia*, failing to compensate them for all hours worked in excess of forty per workweek at one and one-half their "regular rate" of pay.

77. In violating the KWHA, Franchisee acted willfully and with reckless disregard of clearly applicable provisions of the KWHA.

78. Pursuant to KY. REV. STAT. ANN. § 337.385, Franchisee, because they failed to pay employees the required amount of wages and overtime at the statutory rate,should be found liable to the employees not only for the unpaid wages, but also for liquidated damages in an amount equal to the amount of unpaid wages.

79. Pursuant to KY. REV. STAT. ANN. § 337.385, Plaintiff and Class Members are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid wages.

## COUNT III

**TERMINATION OF PLAINTIFF IN RETALIATION FOR COMPLAINING ABOUT NONPAYMENT OF OVERTIME COMPENSATION IN VIOLATION OF FLSA**

80. Defendants' termination of Plaintiff constituted illegal retaliation for Plaintiff's protected act of complaining about Franchisee's nonpayment of overtime compensation owed to Plaintiff.

81. Defendants' termination of Plaintiff violated the FLSA, including 29 U.S.C. § 215(a)(3).

82. Defendants' termination of Plaintiff caused Plaintiff damages, including lost wages and emotional distress.

**COUNT IV**

**TERMINATION OF PLAINTIFF IN RETALIATION FOR COMPLAINING ABOUT NONPAYMENT OF WAGES IN VIOLATION OF KWHA**

83. Defendants' termination of Plaintiff constituted illegal retaliation for Plaintiff's protected act of complaining about Franchisee's nonpayment of wages owed to Plaintiff.

84. Defendants' termination of Plaintiff violated the KWHA.

85. Defendants' termination of Plaintiff caused Plaintiff damages, including lost wages and emotional distress.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that the Court:

A.  Issue process and bring Defendant before the Court;

B.  Authorize notice to issue to members of the proposed collective action and permitting similarly-situated persons a reasonable opportunity to join this litigation with respect to claims under the FLSA;

C.  Certify a class of similarly-situated employees whose rights were violated by Defendant under state law, and grant relief available under applicable state law, including unpaid wages, liquidated damages, and attorney's fees and other litigation expenses, to the class;

D.  Empanel a jury for the trial of all issues of fact;

E. Enter a judgment against Franchisee awarding Plaintiff and the Classes damages in the amount of the unpaid overtime compensation, plus liquidated damages in a like amount, in amounts to be proven at trial;

F. Enter a judgment against Franchisee and Quesada awarding Plaintiff compensatory damages, including lost wages and emotional distress, associated with Plaintiff's illegal retaliatory termination, plus liquidated damages, punitive damages, and attorney's fees and expenses;

G. Award Plaintiff and similarly-situated persons joining this litigation all costs of litigation, including expert fees and attorneys' fees;

H. Grant Plaintiff and similarly-situated persons joining this litigation such other further and/or general, legal and/or equitable relief to which they are entitled or which the Court otherwise deems appropriate.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
Mfoster@MarkNFoster.com
*Counsel for Plaintiff*